

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2004

# Azad v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Azad v. Atty Gen USA" (2004). *2004 Decisions.* Paper 521.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/521

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2301
_____

JAMIL AZAD,
*Petitioner*

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA
_____

Petition for Review of An Order of
The Board of Immigration Appeals
(A73- 072-961)
_____

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2004
Before: AMBRO, BECKER and GREENBERG, *Circuit Judges*

(Filed  July 7, 2004)
_____

OPINION
_____

BECKER, *Circuit Judge.*

This is a petition by Jamil Azad for review of a final order of the Board of

Immigration Appeals ("BIA") ordering Azad deported.  It is difficult to determine from

Azad's brief the exact scope of his contentions.  However, several challenges are clear.

First, Azad contends that substantial evidence does not support the BIA's finding that he

is deportable under section 241(a)(1)(D)(i) of the INA, 8 U.S.C. § 1227(a)(D)(I)(i), as against the position of the INS that (a) as a conditional permanent resident,[1] he failed to have the condition removed from his status prior to expiration of his two-year status under section 216 of the INA, 8 U.S.C. § 1186a, or (b) he was excludable at the time of the adjustment of his status under section 212(a)(6)(C)(I) of the INA, 8 U.S.C. § 1182(a)(6)(C)(i), due to his having engaged in marriage fraud. Second, Azad maintains that the administrative record is not sufficiently complete, and that he did not have a full and fair opportunity to present his relevant evidence before the Immigration Court. Related to the latter contention is his allegation that he was prejudiced by evidentiary rulings and by the intemperate conduct of the Immigration Judge ("IJ"). [2]

The administrative record is huge, a product of numerous hearings. However, because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.*

With respect to the first issue, we are satisfied that substantial, if not overwhelming evidence supports the conclusion that Azad committed marriage fraud.

---

[1]In 1994 Azad was granted the status of permanent resident based on his 1993 marriage to Ms. Snyder. Since the marriage was of less than two years duration at that point, his status adjustment was on a conditional basis. *See* 8 U.S.C. 1186a(g)(1). To remove the condition, he was required to file a joint petition (with Ms. Snyder) to establish the *bona fides* of the marriage, *see* 8 U.S.C. § 1186a(c).

[2]There is a stray statement in Azad's brief about a putative error of the BIA when it found that Azad made a "voluntary waiver of counsel," but the allegation is not further developed, and, at all events, we see no basis for it.

Azad sought out several women to "help him out" to obtain lawful permanent residence status. Credibility determinations are for the IJ, who made them adversely to Azad. The testimony offered by Azad relative to why his marriage to Ms. Snyder fell apart does not help his case, for the issue is not why the marriage failed but whether the marriage was entered into by Azad in good faith and not for the purpose of procuring an immigration benefit. In sum, substantial evidence supports the IJ's decision.

With respect to the second argument, the contention about putative incompleteness is frivolous; the administrative record is very extensive. We have read the many pages of transcript on the basis of which Azad complains that the conduct of the hearing by the IJ was so unfair to him that it constitutes a violation of due process of law. However, we find utterly no basis for Azad's contention. To be sure, there were times when the IJ ruled adversely to Azad, but sometimes he ruled adversely to the government. There were times too when the IJ became exasperated with Azad's counsel for what he apparently perceived to be overzealous advocacy, typically for pressing points that the IJ thought had been covered or were immaterial. But these occasions were not excessive (and the rulings of the IJ seem justified). Indeed, such reactions are common among trial judges of all tribunals and, at all events, do not even begin to approach a due process violation. Our review of the record reveals that the IJ was temperate and fair. There was no due process violation.

The Petition for Review will be denied.